UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RENEE P. BRAVO,

                     Petitioner,

        - *against* -

SUPERINTENDENT DAVID M. UNGER,

                     Respondent.

10 Civ. 5659 (VB)(PED)

**REPORT AND
RECOMMENDATION**

---

TO:    THE HONORABLE VINCENT L. BRICCETTI
       UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Renee P. Bravo ("Petitioner"), proceeding *pro se*, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner pled guilty in Rockland County Court to two counts of first degree sexual abuse. He was sentenced on July 20, 2006 to concurrent terms of seven years imprisonment (Bartlett, J.).[1] This petition comes before me pursuant to an Order of Reference dated December 5, 2011. (Dkt. 18.) For the reasons set forth below, I respectfully recommend that the petition be **DISMISSED, WITHOUT PREJUDICE,** as a "mixed" petition.

## II. BACKGROUND

### A.   The Indictment and Plea Proceedings

The underlying criminal offenses involved sexual attacks on the physically disabled teenage daughter of Petitioner's girlfriend.[2] Petitioner was indicted on two counts of criminal

---

[1] Subsequent to the filing of his *habeas* petition, Petitioner was released to immigration authorities on or about October 16, 2012. (See Dkt. 28.) He remains in immigration custody, and according to Respondent he will not be deported while the instant *habeas* matter is pending. (See Dkt. 30.)

[2] The victim suffered from cerebral palsy and impaired mobility.

sexual act in the first degree,[3] two counts of sexual abuse in the first degree,[4] two counts of criminal sexual act in the third degree,[5] and six counts of sexual abuse in the third degree.[6] (Indictment (attached to Resp't's Affirm. (Dkt. 16), at Ex. A).[7]

During a March 23, 2006 pretrial conference, the prosecutor offered to recommend an eight-year sentence in exchange for Petitioner's plea of guilty to the first count of the indictment, which charged Petitioner with one count of criminal sexual act in the first degree, in violation of N.Y. Penal Law § 130.50(1), for having "engaged in anal sexual conduct with another person . . . by forcible compulsion," "on or about the 16th day of October, 2005." (Id.)  The court informed Petitioner that it would consider imposing an even shorter sentence of seven and one-half years if Petitioner accepted the offer.  The court also informed Petitioner (incorrectly) that his maximum sentencing exposure, if convicted after trial on all counts of the indictment, was 25 years.  The matter was adjourned at defense counsel's request in order to give Petitioner time to consider the offer.  (See Mar. 23, 2006 Tr., at 2-4 (Ex. B).)

---

[3] "A person is guilty of criminal sexual act in the first degree when he or she engages in oral sexual conduct or anal sexual conduct with another person . . . [b]y forcible compulsion . . . ."  N.Y. Penal Law § 130.50(1).

[4] "A person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact . . . [b]y forcible compulsion . . . ."  N.Y. Penal Law § 130.65(1).

[5] "A person is guilty of criminal sexual act in the third degree when . . . [h]e or she engages in oral sexual conduct or anal sexual conduct with another person without such person's consent where such lack of consent is by reason of some factor other than incapacity to consent."  N.Y. Penal Law § 130.40(3).

[6] "A person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter's consent . . . ."  N.Y. Penal Law § 130.55.

[7] All exhibits cited herein are attached to Respondent's Affirmation.  (Dkt. 16.)

2

During an April 10, 2006 pretrial conference, defense counsel informed the court that Petitioner accepted the offer. Petitioner then attempted to plead guilty and allocuted to certain facts. However, he refused to admit that he pulled down his pants or exposed his penis. The court did not accept the guilty plea and adjourned the matter. (See Apr. 10, 2006 Tr., at 2-7 (Ex. B).) The transcript states:

| | |
|---|---|
| MS. LLOYD:[8] | This afternoon by pleading guilty to the crime of criminal sexual act in the first degree in violation of 130.50, Subdivision 1, of the Penal Law of the State of New York, you are admitting that you, in the County of Rockland on or about the 16th day of October, 2005, engaged in anal sexual contact with another person . . . , by forcible compulsion, do you admit that, sir? |
| [MR.] BRAVO: | Yes. |
| . . . | |
| MS. LLOYD: | On that date is it true that you were home alone in the residence with [the victim]? |
| [MR.] BRAVO: | Yes. |
| MS. LLOYD: | Does the victim suffer from cerebral palsy? |
| [MR.] BRAVO: | Yes. |
| MS. LLOYD: | It is very difficult for her to move or get around? |
| [MR.] BRAVO: | Yes. |
| MS. LLOYD: | Does she walk with crutches, as well? |
| [MR.] BRAVO: | Yes. |
| MS. LLOYD: | Now, on that date of October 16th, while you were alone in the residence with [the victim], did there come a time when you brought her to the sofa in the residence? |
| [MR.] BRAVO: | Yes. |
| MS. LLOYD: | And did you pull down her pants that she was wearing? |
| [MR.] BRAVO: | Yes. |
| MS. LLOYD: | And did you remove your own pants, sir? |
| [MR.] BRAVO: | No. |
| MS. LLOYD: | Did you expose your penis, sir? |
| [MR.] BRAVO: | No. |
| MR. NISONOFF:[9] | He didn't. All he did is touch her– |
| MS. LLOYD: | This is anal contact between his penis and her buttocks. |

---

[8] Doreen M. Lloyd, Esq., for the People. (Apr. 10, 2006 Tr., at 1.)

[9] Bert H. Nisonoff, Esq., for the defendant. (Apr. 10, 2006 Tr., at 1.)

3

| | |
|---|---|
| MR. NISONOFF: | That is not what he says. |
| MS. LLOYD: | That is what she says and that is what the first count of the indictment is.  He has to admit to anal sexual contact. |
| MR. NISONOFF: | We have a problem.  Can we approach on this? |
| THE COURT: | Yes. |
| . . . | |
| THE COURT: | Based on conversations had at the bench, a further conference is necessary.  The matter will be adjourned on consent . . . to April 25th at 2 p.m. |

(Id. at 4-7.)

On April 25, 2006, defense counsel reported that the prosecution had made another offer to Petitioner that morning.  In exchange for his plea of guilty to the first count of the indictment, the prosecution would recommend a sentence of seven years.  (See Apr. 25, 2006 Tr., at 5 (Ex. C).)  Petitioner, however, rejected that offer on the record.  The court then informed Petitioner that he faced a maximum sentence of *120 years* if he proceeded to trial, was convicted on all counts of the indictment, and was sentenced to consecutive terms of imprisonment.  (See id. at 2-6.)  Specifically, the transcript states:

| | |
|---|---|
| THE COURT: | Okay, Mr. Bravo, it has been explained to you, I understand, that if you were to plead guilty I would be sentencing you to seven and a half years in state prison. |
| MR. NISONOFF: | No.  Seven, Judge. |
| THE COURT: | Seven years? |
| MR. NISONOFF: | Yes. |
| THE COURT: | Seven years in state prison. |
| THE DEFENDANT: | Yes. |
| THE COURT: | And five years post-release supervision.  It is my understanding from conferencing with your attorney that you do not wish to take that plea. |
| THE DEFENDANT: | True. |
| THE COURT: | Do you understand that if you are not taking that plea that the Court promise of seven years is no longer going to be available? |
| THE DEFENDANT: | Yes. |
| THE COURT: | And if the people seek consecutive time the Court can sentence you to ten years on each count; do you understand? |
| THE DEFENDANT: | Yes. |

4

| THE COURT: | And it is my understanding that you do not wish to enter a plea of guilty at this time having all that information available to you? |
| THE DEFENDANT: | I don't want to plead because there are certain things that I haven't done. |
| THE COURT: | That's absolutely your right not to plead.  I do not want you to plead guilty to anything you didn't do. |
| THE DEFENDANT: | Yes. |
| THE COURT: | If you are found guilty after a jury trial the people have the option of asking for consecutive time on each count, and the Court would be legally permitted to sentence you to consecutive time on each count.  How many counts? |
| MR. CRISPINO:[10] | Twelve counts. . . . There were twelve counts. |
| THE COURT: | I'm sorry, that could be 120 years or anything under that. This Court wants to make sure you are aware and have fully knowledge of the ramifications of your decisions; do you understand?   Okay, this matter will be scheduled for a Huntley/Dunnaway hearing May 12 at 10:00 a.m. |

(Id. at 2-4.)

On second call that same day, the parties informed the court that the prosecutor had made Petitioner yet another offer, which Petitioner accepted.  In exchange for Petitioner's plea of guilty to counts two and four of the indictment–which charged him with two counts of sexual abuse in the first degree, in violation of N.Y. Penal Law § 130.65(1), for "subject[ing] another person . . . to sexual contact by forcible compulsion," on October 16, 2005 and on another date between October 1 and December 31, 2004–the prosecutor would recommend that the court impose concurrent, seven-year sentences of imprisonment.  (Indictment; see Apr. 25, 2006 Tr., at 6-7.)

Petitioner then pled guilty and allocuted to the agreed offenses.  Specifically, he admitted that on two separate occasions, he forcibly pulled the victim into his lap, touched her breast, chest, and vagina, and put his fingers forcibly into her vagina through her clothing.  (Apr. 25,

---

[10] Dominick Crispino, Esq., for the People.

5

2006 Tr., at 19-20.)  Petitioner also stated, among other things: that he understood that he would receive two concurrent seven-year sentences of imprisonment in exchange for his guilty plea (id. at 7-8); that he was satisfied with the services of his attorney and had a full and fair opportunity to discuss the plea offer with him (id. at 15); and that no one coerced, forced, or threatened him to get him to plead guilty (id. at 16).  The court accepted the plea.  (See id. at 22-23.)

**B.**     **The Motion to Vacate the Plea and the Sentencing Proceeding**

On July 20, 2006, Petitioner appeared with new counsel for sentencing.  Counsel moved to withdraw the guilty plea: (1) in order "to allow [her] office to try to secure a better disposition with the district attorney's office"; and (2) because Petitioner informed her that "he was not aware at the time that he entered the plea that the disposition was seven years[.]" (July 20, 2006 Tr., at 3, 6 (Ex. D)).  Petitioner then told the court that his previous attorney "never came to . . . talk to me . . . and . . . made me take that sentence," and stated that he wanted to withdraw his plea "because there's plenty of things about this that are wrong; since my attorney didn't defend me there were things that are not right, things that I can't be held guilty for[.]" (Id. at 4-5).  The court denied the requests and sentenced Petitioner, in accordance to the plea bargain, to two concurrent, seven-year terms of imprisonment.

**C.**     **Direct Appeal**

Petitioner, through new counsel, appealed his conviction to the New York State Appellate Division, Second Department, and raised the following claims:

(1)     "the trial court erred when it denied the appellant's motion to withdraw his guilty plea" because "Judge Bartlett told the Appellant of various sentences he could receive if found guilty after trial, including a sentence of 120 years, essentially coercing him to accept the offer," (App.'s Br., at 9, 10 (Ex. E) (typeface altered from original); see id. at 9-11); and

(2)     "the sentence imposed on the appellant was harsh and excessive," (id. at 12 (typeface altered from original); see id. at 12-13).

6

Petitioner also submitted a supplemental *pro se* brief that identified the following claims in the point headings of its arguments:

(3)   "Trial counsel's failure to raise an obviously miritorious [*sic*] argument deprived Appellant of his constitutional rights to the effective assistance of counsel," (Supplemental Pro Se Br. ("Pro Se Br."), at 11 (Ex. G) (typeface altered from original); <u>see id.</u> at 11-20);

(4)   "The court's threat to sentence Defendant to consecutive sentences totaling 120 years was improper and thereby coerced him to plea [*sic*] guilty," (<u>id.</u> at 21 (typeface altered from original); <u>see id.</u> at 21-24); and

(5)   "the sentence imposed was harsh and excessive," (<u>id.</u> at 24 (typeface altered from original); <u>see id.</u> at 24-26).

The Second Department affirmed the conviction on April 6, 2010. <u>People v. Bravo</u>, 899 N.Y.S.2d 280 (App. Div. 2010). The New York Court of Appeals denied leave to appeal on June 18, 2010. <u>People v. Bravo</u>, 15 N.Y.3d 747 (2010). Petitioner did not seek a writ of *certiorari* to the United States Supreme Court. (<u>See</u> Pet. ¶ 12 (Dkt. 2).)

## D.   First § 440 Motion

While his direct appeal was pending, Petitioner, through counsel, filed a motion to vacate the judgment of his conviction pursuant to N.Y. Crim. Proc. Law § 440.10(1)(b) and (h) on the following ground:[11]

(1)   "[T]he comments of the Court, along with the dereliction of his defense counsel, caused [Petitioner] to plead guilty against his better judgment, when he was not actually guilty of these charges."

---

[11]

At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that . . . [t]he judgment was procured by duress, misrepresentation or fraud on the part of the court or a prosecutor or a person acting for or in behalf of a court or a prosecutor; or . . . [t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States . . . .

N.Y. Crim. Proc. Law § 440.10(1)(b), (h).

(Affirm. of William A. Gerard ¶ 6 (Ex. L).)  On November 15, 2007, the Rockland County Court

denied the motion.  (Ex. N.)  Petitioner did not appeal this decision.  (See Resp't's Affirm. ¶ 28.)

**E.**     ***Habeas Corpus* Petition**

Petitioner, acting *pro se*, filed his federal *habeas corpus* petition on or about July 26,

2010.[12]  The petition raised the following claims:

> (1)     "Ineffective Assistance of Counsel–Violation of Petitioner's Sixth
>         Amendment Right to Counsel at Plea Phase of Proceedings– and New York
>         State Appellate Court's Unreasonable Application of Clearly Established
>         Federal Law on the Issue of Ineffective Assistance of Counsel as Determined
>         by the Supreme Court of the United States," (Pet., at p. 7a);
>
> (2)     "Petitioner's Conviction By Plea of Guilty Was Unlawfully Induced and
>         Coerced, Not Voluntary and Not Intelligent," (id. at p. 8a); and
>
> (3)     "The Lower Court Erred In Not Affording The Petitioner The Opportunity
>         To Be Heard On His Motion To Withdraw His Guilty Plea Prior To
>         Sentencing," (id. at p. 8b).

**F.**     **Petition Is Stayed**

Upon preliminary review, I determined that Petitioner had filed a "mixed" petition which

included a ineffective assistance claim–premised, at least in part, on his contention that his trial

attorney had misadvised him concerning his sentencing exposure–which had not been fairly

presented to the state courts.  By Order dated June 13, 2012, after concluding that Petitioner's

ineffective assistance claim was not "plainly meritless," see 28 U.S.C. § 2254(b)(2), I directed

Petitioner to either voluntarily dismiss the claim or else initiate further proceedings to exhaust the

claim in state court, and cautioned him that failure to comply would result in a recommendation that

the petition be dismissed without prejudice.  (Dkt. 20.)

---

[12] The petition was timely filed.  See 28 U.S.C. § 2244(d)(1)(A).

In response, Petitioner submitted a copy of a second N.Y. Crim. Proc. Law § 440.10 motion dated July 7, 2012, which raised an ineffective assistance of counsel claim.  (Dkt. 29.)  Construing this communication as a motion to stay the federal *habeas* proceeding pending completion of the new § 440.10 proceeding, I granted Petitioner a stay.  (Dkt. 21.)

## G.    Second § 440 Motion

Petitioner's second motion to vacate the judgment of his conviction sought relief on the ground that:

> (1)    He received ineffective assistance of counsel because counsel
>
> (a)    pressured him into pleading guilty, and
>
> (b)    misadvised him about his sentencing exposure by failing to inform him that he: (i) had to serve six-sevenths (or six years) of his seven year sentence, (ii) had to register as a sex offender after completing his sentence, and (iii) would be automatically deported after completing his sentence.

(Dkt. 29.) The trial court denied this motion on September 11, 2012.  (Dkt. 28.)  The Appellate Division, Second Department denied leave to appeal on June 13, 2013.  (See Dkt. 30.)

## H.    Stay is Lifted

By letter dated August 19, 2013, Petitioner requested that the stay be lifted.  (Dkt. 24.)  I granted that request on September 4, 2013.  (Dkt. 26.)  Respondent declined to submit any further response to the Petition.  (Dkt. 27.)  Accordingly, the matter is fully submitted.

## III.  DISCUSSION

## A.    Applicable Law on *Habeas Corpus* Review

"Habeas review is an extraordinary remedy."  Bousley v. United States, 523 U.S. 614, 621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)).  Before a federal district court may review the merits of a state criminal judgment in a *habeas corpus* action, the court must first determine whether the petitioner has complied with the procedural requirements set forth by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110

9

Stat. 1220 (Apr. 24, 1996).  Among other things, AEDPA requires that a petitioner first exhaust

his claims if state court.  28 U.S.C. § 2254(b)(1), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842

(1999).  The exhaustion requirement promotes interests in comity and federalism by demanding

that state courts have the first opportunity to decide a petitioner's claim.  Rose v. Lundy, 455

U.S. 509, 518-19 (1982).

   To exhaust a federal claim, the petitioner must have "fairly present[ed] his claim in each

appropriate state court (including a state supreme court with powers of discretionary review),

thereby alerting that court to the federal nature of the claim," and thus "giving the State the

opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin

v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted).  A claim is

"fairly presented" where the petitioner "inform[s] the state court of both the factual and the legal

premises of the claim he asserts in federal court."  Daye v. Attorney Gen. of N.Y., 696 F.2d 186,

191 (2d Cir. 1982); see also, e.g., Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005) (internal

citation omitted) (petitioner must "apprise the highest state court of both the factual and legal

premises of the federal claims ultimately asserted in the habeas petition").

   However, "[f]or exhaustion purposes, a federal habeas court need not require that a

federal claim be presented to a state court if it is clear that the state court would hold the claim

procedurally barred."  Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) (internal quotation

omitted).  "In such a case, a petitioner no longer has 'remedies available in the courts of the

State' within the meaning of 28 U.S.C. § 2254(b)."  Grey v. Hoke, 933 F.2d 117, 120 (2d Cir.

1991).  Such a procedurally barred claim may be deemed exhausted by a federal habeas court.

See, e.g., Reyes, 118 F.3d at 139.  However, absent a showing of either "cause for the procedural

default and prejudice attributable thereto," Harris v. Reed, 489 U.S. 255, 262 (1989), or "actual

innocence," <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), the petitioner's claim will remain unreviewable by a federal court.

When confronted with a "mixed" petition containing both exhausted and unexhausted claims, a federal court has the following options: (1) it may stay the proceedings and hold the petition in abeyance in order to permit the petitioner to return to state court and exhaust the unexhausted claim(s); (2) it may permit the petitioner to amend the petition and excise any unexhausted claim; (3) it may dismiss without prejudice the entire petition; or (4) it may review each claim and dismiss the petition if the claims are plainly meritless.  <u>See</u> 28 U.S.C. § 2254(b)(2); <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78 (2005); <u>Zarvela v. Artuz</u>, 254 F.3d 374, 378-82 (2d Cir. 2001); <u>Reyes v. Morrissey</u>, No. 07 Civ. 2539(LAP)(DF), 2010 WL 2034531, at *9 (S.D.N.Y. Apr. 21, 2010).[13]

**B.    <u>Application</u>**

    **1.    <u>*A Factual Premise of Claim One Remains Unexhausted*</u>**

        **i.    <u>The Factual Allegations Set Forth in the *Habeas* Petition</u>**

Petitioner asserts in "Ground one" of his *habeas* petition that he received "Ineffective Assistance of Counsel During Plea Process in violation of [his] Sixth Amendment Right to Counsel." (Pet., at 7.)  In support of this claim, Petitioner maintains that *counsel* (as well as the court) affirmatively misadvised him that he faced a maximum sentencing exposure of 120 years imprisonment.  (<u>Id.</u> at 7a.)  Specifically, he states:

> The facts which support this GROUND ONE are themselves straight forward and a matter of record in this case.  Petitioner, prior to acceptance of a plea agreement in this matter, was advised by his defense counsel that should he choose

---

[13] Copies of unreported cases cited herein will be mailed to Petitioner as a *pro se* litigant. <u>See</u> <u>Lebron v. Sanders</u>, 557 F.3d 76 (2d Cir. 2009).

to proceed to trial, Petitioner would face a maximum exposure of 120 years incarceration; or in the alternative, a life sentence, if he were found to be guilty by a jury.

(Id.) Petitioner reiterates in his reply brief that the factual basis of Ground One is, at least in part, the allegation that counsel affirmatively misadvised him about his sentencing exposure. (See Pet'r's Reply to Resp't's Answer to Pet'r's Mot. for Relief Pursuant to 28 U.S.C. §2254 ("Pet'r's Reply") (Dkt. 17), at 5 ("In the case at bar, defense counsel advised the Petitioner that his maximum exposure, should he proceed to stand trial on the charges would result in a life sentence or 120 years total."); see also id. at 3-4 ("In the case at bar, defense counsel severely misrepresented the maximum sentence range that Petitioner faced if Petitioner decided to proceed to trial rather thant [sic] to accept the plea offer of the prosecution of seven (7) years. Defense counsel informed the Petitioner that he could face a maximum sentence of 120 years incarceration or in the alternative, a life sentence, should he reject the prosecution's offer and proceed to trial.").[14])

---

[14] Petitioner makes other factual allegations regarding counsel's conduct in support of Ground One of his petition, including:

- Counsel "advised Petitioner that if he accepted the prosecution's offer to plead guilty, he would face no more than seven (7) years, and in point of fact, would actually do substantially less than the seven years incarcerated;"
- Counsel "failed to correct" the trial court when the court erroneously told Petitioner that his maximum sentencing exposure was 120 years; and
- Counsel "did not properly advise the Petitioner, as was his duty, that the stated maximum sentence exposure of 120 years was substantially incorrect."

(Pet., at 7a.) In addition, Petitioner argues in support of Ground One that the Second Department, "misapplied clearly established federal law on the issue of ineffective assistance of counsel, in its denial of Petitioner's direct appeal," when it did not "find[ ] defense counsel's miscalculation error as constituting deficient performance falling below acceptable professional norms for defense attorneys; and second, in not finding counsel's error as prejudicial to Petitioner and affecting the outcome of the proceedings." (Id.)

ii.    **The Factual Allegations Set Forth On Direct Appeal**

The brief submitted by appellate counsel on direct appeal did not contain an ineffective

assistance of counsel claim.  (See Ex. E.)  However, Petitioner's supplemental *pro se* brief did

contain such a claim.  As noted above, the point heading of Ground One of Petitioner's *pro se*

appellate brief stated: "trial counsel's failure to raise an obviously miritorious [*sic*] argument

deprived appellant of his constitutional rights to the effective assistance of counsel."  (Pro Se

Br., at 11 (typeface altered from original).)  Petitioner then made several factual, often

conclusory, assertions in support of this claim, including:

- "Defense Counsel . . . coerced defendant Bravo to plead guilty to [*sic*] crime he did not commit," (id.);
- "the the comments of the Court, along with the dereliction of his defense counsel [*sic*] him to plea [*sic*] guilty [*sic*] his better Judgment, when he was not actually [*sic*] of these charge [*sic*]," (id. at 12; see also id. at 10);
- Petitioner was "pressured by his Attorney to plead guilty to a lower Offense of Sexual Abuse in the First Degree in exchange for a seven-year sentence," (id. at 13; see also id. at 10);
- Petitioner "felt pressured by the threats of the Judge, and of his own Attorney, and he finally agreed to plead guilty," (id. at 14); and
- "[i]n advance of a second call, defendant claims his Attorney exerted great pressure upon him to accept the offer, warning him that he could spend the rest of his live [*sic*] in jail, and assuring him that if he accepted the offer, he would actually serve substantially less then seven years in jail," (id. at 13).

In addition, Petitioner asserts that "the Court Angrily warned him that if he was found

guilty after trial, he could be sentenced to consecutive jail time each count of the indictment,

totaling 120 years."  (Id.; see also id. at 10.)

iii.    **Petitioner's Claim That His Attorney Misadvised Him Concerning His Sentencing Exposure Was Not Fairly Presented On Direct Appeal**

"When a habeas corpus petitioner has previously presented a claim to the state court, but

presents additional facts to the federal court which materially alter the claim or crucially affect

its determination, the petitioner must present this evidence to the state court before the federal

court can entertain his petition." <u>Anderson v. Casscles</u>, 531 F.2d 682, 684 (2d Cir. 1976). Particularly "[w]here a petitioner raises an ineffective assistance of trial counsel claim, each factual claim made in support must be fairly presented to a state court before a federal habeas court can consider it." <u>Williams v. Duncan</u>, No. 03 Civ. 568(LEK)(RFT), 2007 WL 2177075, at *4 (N.D.N.Y. July 27, 2007) (citing <u>Panezo v. Portuondo</u>, No. 02 Civ. 1522(JBW), 2003 WL 23198781, at *10 (E.D.N.Y. Nov. 6, 2003)); <u>see also</u> <u>Davidson v. Keane</u>, 107 F.3d 2, 1 (2d Cir. 1997) (quoting <u>Caballero v. Keane</u>, 42 F.3d 738, 740-41 (2d Cir. 1994)) ("Important factual allegations that are added for the first time to an ineffective assistance of counsel claim on federal habeas appeal can result in the claim being dismissed for nonexhaustion. 'To reach the merits of an ineffective representation claim, all of the allegations must have been presented to the state courts, allowing them the opportunity to consider all the circumstances and cumulative effect of the claims as a whole.'").

Here, it is clear that a specific, material, factual premise for the ineffective assistance of counsel claim in Petitioner's *habeas* petition–*i.e.*, the allegation that Petitioner's attorney affirmatively and incorrectly told him that his maximum sentencing exposure was 120 years–was not alleged on direct appeal.  First, as illustrated above, Petitioner alleged only that *the court* informed him that his maximum exposure was 120 years; he did not allege that *his attorney* made the same incorrect statement.  Moreover, Petitioner presented the fact that *the court* had incorrectly informed him of a possible 120 year sentence in support of his claim that his plea was coerced and invalid–*not* to argue that his attorney was deficient.  Petitioner's new allegation that his attorney also misinformed him of his maximum sentencing exposure "cast[s] the ineffective assistance claim in a significantly different light" than what was alleged in state court. <u>Davidson</u>, 107 F.3d at 1.

Second, although Petitioner did state that his attorney told him "he could spend the rest of his live [*sic*]" in prison, this statement does not fairly alert the state court to the factual premise of the ineffective assistance of counsel claim raised in the *habeas* petition. Petitioner is correct that he did not face a maximum of 120 years. However, the offenses charged in the indictment did expose him to a substantial sentence. Petitioner was indicted on two class B felony sexual offenses (counts one and nine) and one class D felony sexual offense (count 4), each of which were based upon different acts that occurred at different times. N.Y. Penal Law § 130.50 (classifying offense of criminal sexual act in the first degree as a class B felony); id. § 130.65 (classifying offense of sexual abuse in the first degree as a class D felony); id. § 70.80(1)(a) (defining "felony sex offense" as a conviction for any felony offense defined in article 130 of the New York Penal Law); (see Indictment.) Under New York law, these three offenses exposed Petitioner to a maximum sentence of 57 years. N.Y. Penal Law § 70.80(3) (sentences for convictions of felony sex offenses must be determinate sentences); id. § 70.80(4)(a)(i) (sentence of imprisonment for a class B felony sex offense must not exceed twenty-five years); id. § 70.80(4)(a)(iii) (sentence of imprisonment for a class D felony sex offense must not exceed seven years); id. § 70.25(1) (court may order sentences to run consecutive). Thus, the state court could have reasonably understood Petitioner's factual allegation that counsel told him he faced "life" in prison to have been correct advice–that is, a sentence of 57 years could reasonably be interpreted as a "life" sentence for an adult defendant. Without additional factual allegations, the state court cannot be said to have been fairly presented with Petitioner's current allegation that counsel was ineffective because he *incorrectly* informed Petitioner that his exposure was *120 years*.

Accordingly, because "material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." Daye, 696 F.2d at 191.

### iv.   The Factual Allegations Set Forth in the Second § 440 Motion

After this Court warned Petitioner about the consequences of pursuing a "mixed" petition and offered Petitioner a stay to exhaust his ineffective assistance claim, Petitioner filed his second § 440 motion in state court and I granted the stay.  Petitioner raised an ineffective assistance claim in his § 440 motion and presented several factual allegations in support, including:

- "[T]hat at the urging of my attorney I pleaded guilty to two counts of Sexual Abuse in the first degree.  My attorney told me I would not really have to serve seven years in jail because I could reduce my sentence substantially.  However, my attorney did not explained [sic] to me how I could reduce my sentence, or advised me of the consequences of my acceptance of the offered plea.  Particularly that upon completion of my sentence, I would be required to register as a sex offender and automatically be deported from the United States.  Had my attorney advised me of these consequences then under no circumstances would I have agreed to plead guilty.  My attorney did not provide me with effective assistance of counsel and failed to make efforts to ensure that I was accorded due process during the pleas [sic] negotiations." (Aff. ¶ 1 (Dkt. 29); see also Not. of Mot., at 1 (Dkt. 29).)
- Petitioner was "pressured by his attorney to plead guilty."  (Aff. ¶ 7(a).)
- "In advance of a second call, defendant's attorney excer-ted [sic] great pressure upon him to accept the offer, warning him that he could spend the rest of his life in jail."  (Id.)
- Petitioner "felt pressured by the threats of the judge, and his attorney, and finally agreed to plead guilty."  (Id.)
- "The defendant . . . wanted to represent himself in spite of the threats from the Court telling him he would get a sentence of 120 years, and his attorney's apparent attempts to get him to accept a plea rather than to provide him with a defense on the charges."  (Id. ¶ 7(b).)
- "When pressuring him to take a plea, his attorney told him that it did not matter at this point and that he had to get up in front of the Court and say they [sic] he wanted him to say in order to get the plea through, and that this was his last chance, and if he did not take he [sic] deal, he was going to lost [sic] it."  (Id. ¶ 7(c).)

16

- Petitioner's "attorney never fully explained that by pleading guilty he would be required to register as a sex offender and automatically be deported from the United States." (Id. ¶ 7(d).)
- Petitioner accepted the plea bargain "because of the Courts [sic] threats and his attorney [sic] insistence that he take the plea." (Id. ¶ 8.) "However, the threats would not have mattered if the defendant had been told that he could not legally be sentenced to 120 years, or advised by his attorney about the consequences of pleading guilty . . . ." (Id.)[15]

However, Petitioner's second § 440 motion did not include his allegation that his attorney told him he was facing 120 years.

### v.   A Factual Allegation Asserted in the *Habeas* Petition Was Not Fairly Presented in Petitioner's Second § 440 Motion

As was the case with respect to Petitioner's direct appeal, it is clear that a specific, material, factual premise for the ineffective assistance of counsel claim alleged in his *habeas* petition–*i.e.*, that his attorney affirmatively and incorrectly told him that his maximum sentencing exposure was 120 years–was not fairly presented to the state courts on collateral review. Accordingly, because "material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." Daye, 696 F.2d at 191.

### 2.   *Disposition of the "Mixed" Petition*

Although Petitioner exhausted his second and third *habeas* claims by presenting them on direct appeal, it is clear that his first claim–ineffective assistance based, in significant part, on a contention that Petitioner's defense attorney misadvised him as to his sentencing exposure–remains unexhausted. See, e.g., Montalvo v. Mantello, 233 F. Supp. 2d 554, 562 (S.D.N.Y. 2002) (citing Davidson, 107 F.3d at 1) (where state court was not given opportunity to

_____

[15] Although Petitioner never appealed the trial court's denial of his first § 440.10 motion, he did seek leave to appeal the trial court's denial of his second § 440.10 motion, and the claims included therein have therefore been properly exhausted.

consider each factual allegation alleged in support of the ineffective assistance of counsel claim raised in *habeas* petition, the "entire ineffective assistance of counsel claim is considered unexhausted").

This Court cannot "deem" the claim exhausted but procedurally barred because it involves matters outside the record.  See, e.g., People v. Spotards, 804 N.Y.S.2d 264, 265 (App. Div. 2005) (argument that counsel was ineffective for failing to properly advise defendant of sentencing consequences is a claim *dehors* the record that must be raised through collateral motion).  While a state court *could* deny the claim on procedural grounds if Petitioner raised it in yet another collateral motion, the court would not be required to do so.  See N.Y. Crim. Proc. Law § 440.10(3)(c) (emphasis added) ( "court *may* deny a motion to vacate a judgment when . . . [u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present argument but did not do so").  Thus, this Court "'cannot say with certainty, under the circumstances presented here, that petitioner could not return to state court'" and successfully exhaust this claim.  Borcyk v. Lempke, 727 F. Supp. 2d 189, 193 (W.D.N.Y. 2010) (quoting Perez v. Perrott, No. 04 Civ. 327, 2008 WL 2323360, at *7 (N.D.N.Y. June 2, 2008)).

Although a federal court is no longer required to dismiss a "mixed" petition containing both exhausted and unexhausted claims, see Zarvela 254 F.3d at 380, no alternative is appropriate here.  First, Petitioner–who was warned in June 2012 that a petition containing unexhausted claims would be subject to dismissal–has not sought to amend his petition by excising the unexhausted claim. See Reyes, 2010 WL 2034531, at *9.

Second, Petitioner was already granted a stay, but did not fully exhaust his claim. Having been given the opportunity to exhaust during this first stay, Petitioner cannot now

establish "good cause" for his failure to do so, and a second stay is not warranted. See, e.g., Perkins v. LaValey, No. 11 Civ. 3855(JGK), 2012 WL 1948773, at *1 (S.D.N.Y. May 30, 2012) (internal quotation marks and citation omitted) ("Under Rhines, it is the petitioner who has the burden of demonstrating good cause for his failure to exhaust previously any unexhausted claim."); Jernigan v. Brown, No. 08 Civ. 9289(JGK)(DF), 2012 WL 2377082, at *9 (S.D.N.Y. May 1, 2012) (Report & Recommendation), adopted by 2012 WL 2394405 (S.D.N.Y. June 25, 2012) (good cause not shown where petitioner sought to stay proceedings so that he could pursue claim in state court, but later withdrew that request); Reyes v. Phillips, No 02 Civ. 7319(LBS), 2005 WL 2173812, at *7 (S.D.N.Y. Sept. 6, 2005) (second stay inappropriate where petitioner failed to exhaust during first stay); Escobar v. Senkowski, No. 02 Civ. 8066(LAK)(THK), 2004 WL 1698626, at *3 (S.D.N.Y. July 28, 2004) (good cause not shown where petitioner sought a second stay of the proceedings in order to exhaust new ineffective assistance of counsel claims that were not raised on collateral motion during first stay).

Finally, on the present record it cannot be said that Petitioner's ineffective assistance of counsel claim is "plainly meritless." 28 U.S.C. § 2254(b)(2). See, e.g., Harris v. Philips, No. 05 Civ. 2870(RRM), 2013 WL 1290790, at *6 (E.D.N.Y. Mar. 28, 2013) (where claim is "based upon information not presently before th[e] Court," the court cannot determine whether claim is plainly meritless); Jernigan, 2012 WL 2377082, at *9 (where ineffective assistance of counsel claim was not based on the record, court could not readily conclude that it was plainly meritless). Dismissal of the entire petition on the merits is therefore not warranted. See § 2254(b)(2); see also Henderson v. Morgan, 426 U.S. 637, 647 (1976).

Accordingly, the appropriate procedure is dismissal without prejudice.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, I conclude–and respectfully recommend that Your Honor should conclude–that the petition be **DISMISSED WITHOUT PREJUDICE**.  Further, because reasonable jurists would not find it debatable that Petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right, I recommend that no certificate of appealability be issued.  <u>See</u> 28 U.S.C. § 2253(c); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days, plus an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections.  <u>See also</u> Fed. R. Civ. P. 6(a), (b), (d).  Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Vincent L. Briccetti, at the Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601 and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Briccetti.


Dated:  October 21, 2013
        White Plains, New York


                                        Respectfully Submitted,

                                        _____
                                        Paul E. Davison
                                        United States Magistrate Judge


A copy of the foregoing Report and Recommendation has been mailed to:


        Renee P. Bravo, *pro se*
        097-519-260
        Buffalo Federal Detention Facility
        4250 Federal Drive
        Batavia, New York 14020