Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1-16-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RENEE P. BRAVO,
      Petitioner,

v.

Superintendent DAVID M. UNGER,
      Respondent.
----------------------------------------------------------------x

**MEMORANDUM DECISION**

10 CV 5659 (VB)

Briccetti, J.:

  Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated October 21, 2013 (Doc. #31), on petitioner Renee P. Bravo's petition for a writ of habeas corpus. Judge Davison recommended the Court dismiss the petition without prejudice.

  For the following reasons, the Court adopts the R&R. Petitioner's request for leave to amend his petition is DENIED, and the petition is DISMISSED without prejudice.

  Familiarity with the factual and procedural background of this case is presumed; the Court, therefore, recites only those facts necessary for resolution of petitioner's objections.

I. Standard of Review

  A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

  When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The

1

district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). As petitioner is proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner is entitled to habeas corpus relief only if he can show "the state court 'unreasonably' applied law as established by the Supreme Court in ruling on petitioner's claim, or made a decision that was 'contrary to' it." Cousin v. Bennett, 511 F.3d 334, 337 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)). The state court's determination of factual issues is presumed correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

II.     Petitioner's Objections

Petitioner, proceeding pro se, timely filed objections to Judge Davison's R&R. (Doc. #32). Petitioner primarily objects to Judge Davison's ultimate recommendation that the Court dismiss the petition without prejudice without granting petitioner another opportunity to amend his petition.

A.      Relevant Procedural Background

Petitioner filed his habeas petition on July 26, 2010. (Doc. #2). By Order dated June 13, 2012, Judge Davison determined the petition was a "mixed petition," as it contained two

2

exhausted claims and one unexhausted claim. (Doc. #20). Judge Davison specifically identified as unexhausted petitioner's ineffective assistance of counsel claim that his trial attorney misadvised him about his sentencing exposure—namely, telling him incorrectly he faced a 120-year sentence—and pressured him into pleading guilty. In support of this conclusion, Judge Davison observed that although petitioner had raised his specific ineffective assistance of counsel argument on direct appeal, the Appellate Division did not review those allegations because they concerned matters outside the record, see People v. Bravo, 899 N.Y.S.2d 280, 281, 2010 N.Y. Slip Op. 02962 (2d Dep't 2010); and, although petitioner had presented a claim relating to the adequacy of his attorney's advice concerning his guilty plea in a subsequent motion filed under N.Y. C.P.L. § 440.10 (the "First Section 440.10 Motion"), petitioner had failed to appeal the trial court's denial of that motion.

When presented with a mixed habeas petition with both exhausted and unexhausted claims, a federal court may (i) stay the proceedings and hold the petition in abeyance to allow the petitioner to exhaust the unexhausted claims in state court, (ii) grant the petitioner leave to amend the petition and excise any unexhausted claims, (iii) dismiss the entire petition without prejudice, or (iv) review each claim and dismiss the petition if the claims are plainly meritless. See 28 U.S.C. § 2254(b)(2); Rhines v. Weber, 544 U.S. 269, 277-78 (2005); Zarvela v. Artuz, 254 F.3d 374, 378-82 (2d Cir. 2001); Reyes v. Morrissey, 2010 WL 2034531, at *9 (S.D.N.Y. Apr. 21, 2010)[1].

Thus, having determined petitioner's ineffective assistance of counsel claim was not plainly meritless, Judge Davison directed petitioner to either: (i) file a motion pursuant to N.Y. C.P.L. § 440.10 in New York state court in order to exhaust his off-the-record ineffective

---

[1] Petitioner will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

assistance of counsel claim and provide a copy of that motion to Judge Davison, or (ii) inform Judge Davison in writing he will not seek to exhaust the claim and instead voluntarily dismiss the claim from his petition. (Doc. #20). Judge Davison advised petitioner that failure to comply with his Order would result in a recommendation that the entire petition be dismissed without prejudice.

Petitioner then submitted to Judge Davison's chambers a copy of a Section 440.10 motion, notarized on July 25, 2012, which petitioner filed in state court seeking to vacate his conviction on the basis of the unexhausted claim raised in his habeas petition (the "Second Section 440.10 Motion"). (Doc. #29). By Order dated August 30, 2012, Judge Davison construed the submission as an application to stay the habeas proceedings and to hold petitioner's petition in abeyance pending resolution of his Section 440.10 motion. (Doc. #21).[2] Judge Davison granted the application.

The trial court denied petitioner's Second Section 440.10 motion, and the Appellate Division denied leave to appeal on June 13, 2013. See People v. Bravo, 2013 N.Y. Slip Op. 76888 (2d Dep't June 13, 2013) (unpublished).

By Order dated September 4, 2013, Judge Davison lifted the stay. (Doc. #26).

Judge Davison issued his R&R on October 21, 2013, recommending the petition be dismissed without prejudice and that no certificate of appealability be issued.

B.  Petitioner's Objections to the Recommendation of Dismissal Without Prejudice

In determining the petition should be dismissed without prejudice, Judge Davison first concluded petitioner's claim that his attorney misadvised him concerning his sentencing

---

[2] In that Order, Judge Davison also referred to his June 13, 2012 Order, specifically reiterating his prior instruction that petitioner either file a collateral motion in state court seeking to exhaust his unexhausted claim, or advise Judge Davison that he voluntarily dismisses that claim.

exposure was not fairly presented on direct appeal, nor in petitioner's Second Section 440.10 Motion. Specifically, Judge Davison concluded petitioner's direct appeal and his Second Section 440.10 Motion both failed fairly to present to the state courts the specific ineffective assistance of counsel claim in petitioner's petition, because neither relied on the specific material allegation that petitioner's trial attorney had told him he was facing a 120-year sentence. Thus, because a material factual premise of petitioner's ineffective assistance of counsel claim was never fairly presented to the state courts—even after petitioner was given a second chance to do so—the claim remains unexhausted. See, e.g., Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982) ("In order to have fairly presented his federal claim to the state courts the petitioner must have . . . set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim.").

Petitioner concedes his ineffective assistance of counsel claim, in which he asserts his trial counsel told him his maximum sentencing exposure was 120 years, was not fairly presented, either on direct appeal or in his Second Section 440.10 motion, which he filed in response to Judge Davison's June 2012 Order.[3]

Second, Judge Davison determined he could not deem the unexhausted claim to be exhausted by procedural default. See Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) ("For exhaustion purposes, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." (internal quotation marks omitted)). The Court agrees.

---

[3] Because petitioner has not objected to this portion of the R&R, the Court reviews it for clear error. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The Court adopts this part of the R&R for the reasons stated therein, as it finds no such error.

Section 440.10(3) of the New York Criminal Procedure Law provides, in relevant part, that a state court "may deny a motion to vacate a judgment when . . . [u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so." N.Y. C.P.L. § 440.10(3) (emphasis added). Because this statute is plainly discretionary in nature, the Court concurs with Judge Davison that although a state court could deny petitioner's claim on procedural grounds if petitioner filed another Section 440.10 motion, the court would not be required to do so. See, e.g., Borcyk v. Lempke, 727 F. Supp. 2d 189, 192 (W.D.N.Y. 2010) ("While CPL § 440.10(3)(c) provides that a state court 'may deny' a motion to vacate where [u]pon a previous motion . . . the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so, such denials are discretionary and do not impose an absolute bar on successive motions." (internal quotation marks omitted)).

Third, Judge Davison concluded there was no appropriate alternative to dismissing petitioner's mixed petition without prejudice because petitioner was already given the opportunity to exhaust his claim while the petition was stayed, failed to so exhaust the claim, and failed to establish "good cause" for that failure. See Rhines v. Weber, 544 U.S. 269, 277 (2005) ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.").

Conceding he failed to comply with Judge Davison's June 2012 Order regarding the exhaustion requirement, petitioner argues his failure should nevertheless be excused because he "at the very least made the effort" to comply with the Order, and because he was a "victim of the circumstances" who was "misrepresented" by the "junior jailhouse lawyer" who apparently

6

assisted him in preparing the Second Rule 440.10 Motion. The Court is not persuaded by this argument.

Judge Davison explicitly warned petitioner in his June 2012 Order that a petition containing an unexhausted claim would be subject to dismissal. Yet petitioner still failed to exhaust the claim Judge Davison specifically identified as being unexhausted after being given a second opportunity to do so. Further, the Court is not persuaded that reliance on the advice of a "jailhouse lawyer" constitutes good cause for petitioner's failure to comply with Judge Davison's explicit instructions.

Moreover, as Judge Davison observed, petitioner declined to remove his unexhausted claim when given the opportunity to do so before the R&R was issued.

Finally, on the basis of the record before him, Judge Davison was unable to conclude petitioner's unexhausted ineffective assistance of counsel claim was "plainly meritless." The Court concurs. Petitioner's ineffective assistance of counsel claim is not meritless on its face.

In sum, because the petition is a "mixed petition" containing an unexhausted claim, petitioner's unexhausted claim is not necessarily procedurally barred, petitioner has not established good cause for his failure to exhaust his claim in his Second Section 440.10 motion, and the unexhausted claim is not "plainly meritless," the Court agrees with Judge Davison that the only appropriate option is to dismiss the petition without prejudice. See 28 U.S.C. § 2254(b)(2); Rhines v. Weber, 544 U.S. at 277-78; Zarvela v. Artuz, 254 F.3d at 378-82; Reyes v. Keane, 118 F.3d at 139; Reyes v. Morrissey, 2010 WL 2034531, at *9.

C. <u>Petitioner's Remaining Objections</u>

Because petitioner's remaining objections are conclusory and/or merely reiterate arguments previously made before Judge Davison, the Court reviews the portions of the R&R not specifically addressed above for clear error. <u>See</u> <u>Ortiz v. Barkley</u>, 558 F. Supp. 2d at 451 (clearly erroneous standard applies when a party makes only conclusory or general objections, or simply reiterates his original arguments).

Having done so, and having found no error, clear or otherwise, the Court adopts the remainder of the R&R for the reasons stated therein.

III. <u>Motion for Leave to Amend the Petition</u>

As part of his objections to the R&R, petitioner submits a "Petition to Amend" his habeas petition to remove his unexhausted ineffective assistance of counsel claim and substitute the new claim for ineffective assistance of counsel fairly presented to the state courts in his Second Section 440.10 Motion.

The Court deems petitioner's "Petition" to be a motion for leave to amend under Rule 15(a)(2). <u>See</u> 28 U.S.C. § 2242 (a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); <u>Littlejohn v. Artuz</u>, 271 F.3d 360, 363 (2d Cir. 2001) (standard for granting or denying a motion to amend a habeas petition is governed by Rule 15(a)); <u>see also</u> Fed. R. Civ. P. 15(a)(2).

"[A]lthough Rule 15 requires that leave to amend be 'freely given,' district courts nonetheless retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." <u>Littlejohn v. Artuz</u>, 271 F.3d at 363; <u>see also</u> <u>Ching v. United States</u>, 298 F.3d 174, 180 (2d Cir. 2002) (discretion of district courts to deny leave to

amend "safeguards against the possibility that Rule 15's amendment procedures will be exploited by petitioners for the purpose of undermining the rules designed to prevent abuse of the writ").

Petitioner was presented with a clear choice in June 2012. He could "either (1) file a § 440.10 motion in state court setting forth his off-the-record ineffective assistance of counsel claim, and [] provide a copy of that motion to [Judge Davison] within 10 days of the date of filing; or (2) advise [Judge Davison] in writing that he will not seek to exhaust the claim and will instead voluntarily dismiss it from the petition." (Doc. #20) (emphasis added). Petitioner chose to pursue his Second Section 440.10 motion, thus declining voluntarily to dismiss the unexhausted claim from his petition.

The Court believes petitioner's motion for leave to amend, raised only after the issuance of Judge Davison's R&R, and after petitioner declined Judge Davison's invitation to so amend in June 2012, represents a dilatory and otherwise abusive tactic.

Therefore, petitioner's motion for leave to amend his habeas petition to remove the unexhausted claim and substitute a new claim in its place is denied.

## CONCLUSION

Accordingly, the Court adopts Judge Davison's thorough and well-reasoned R&R.

Petitioner's Rule 15(a) motion for leave to amend his habeas petition is DENIED.

The petition is DISMISSED without prejudice.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: January 16, 2014
       White Plains, NY

                        SO ORDERED:

                        Vincent L. Briccetti
                        United States District Judge